BAKER, JUDGE:
Claimant is the owner of real property located in Glover, Wyoming County, West Virginia. The front of the property is adjacent to W. Va. Route 97 and the back of the property is adjacent to Rose Street. Claimant and her husband purchased this property in 1958. In the early 1970's, they added a basement to the house. Respondent performed construction work on W.Va. Route 97 in 1984-85. After this construction, claimant alleges that unusual amounts of water began draining onto the property. This water has caused the ground beneath the house to remain wet all year-round resulting in structural damage to the house and has caused claimant to abandon the use of the basement due to constant water problems in the basement. Claimant also alleges that the bank at the front of the house has not been maintained property by respondent causing an unsightly condition. Claimant seeks damages for the structural problems and the drainage in the amount of $18,000.00.
The evidence revealed that claimant and her husband, who is now deceased, entered *75 into a right-of-way agreement with respondent in 1982. Respondent purchased a portion of the front yard for widening the shoulder and the surface of Route 97. Prior to the construction, there was an open drainage area from the front to the back of claimant's property which had been placed there by claimant's husband shortly after they had moved onto the property. It was claimant's understanding that there would be no open ditches in her yard after the construction.
During the construction which took place on Route 97, respondent came upon a "swamp" area. It was necessary for respondent to alleviate this condition in order to provide a stable base for the new road. Respondent placed large boulders for the base of the road and provided a drainage structure at the swamp area. A two-foot lift of rock was placed for the roadbed and seven or eight inches of asphalt was laid. Respondent also placed a "filter fabric" on the upper side of the road to catch the water on that side of the road to eliminate the problem of the water flowing through the rock. The placement of the boulders for the base of the road created a "french drain" effect under the road to provide drainage for the road. Charles A. Shaver, Assistant District Engineer in charge of construction for respondent, explained the purpose of placing the rocks under the road. He stated that the fill was "daylighted" which means that there is rock all the way to the outside of the base of the road so that any water would come out through the rock, percolate out and come out into old ground, which is what it was doing.
In the course of the construction, respondent replaced an eighteen inch pipe under the old road with a thirty inch corrugated metal pipe. This metal pipe connects to a thirty-six inch pipe beneath claimant's property, and, eventually, the water drains into the Guyandotte River which is approximately 500 feet from claimant's property.
To provide for drainage from the mountain on the opposite side of Route 97 from claimant's house, respondent provided a drop inlet. The new road also has curbs to contain the water on the road surface and to prevent it from flowing onto claimant's property.
After the construction of the new road, claimant noticed unusual amounts of water on her property. During rainstorms, water would seep into the basement area. Claimant has been unable to use the basement area due to the constant water problem. The ground beneath the house, where there is no basement area, remains wet causing the house to be damp year-round. This condition may also be causing structural problems.
John E. Caffrey, a consulting engineer, testified for claimant as an expert concerning the problems which claimant is experiencing. It is his opinion that the construction of Route 97 modified the subsurface drainage or water table and brought it to a lower level. This has caused water to seep into the soil beneath claimant's home and to migrate into the basement. He was of the opinion that the construction of a ditch for subsurface water to divert the water around the house into an existing drainage structure may resolve the problem. He observed that only a small amount of water was going into the drop inlet on the mountain side of Route 97 which indicates that the water is going beneath the road.
*76 Respondent contends that it has attempted to alleviate the problems being experienced by claimant since the construction of the road. Respondent attempted to prevent water from draining from the fill bank onto claimant's property by constructing a ditch across the front of claimant's property at the toe of the bank on respondent's right of way. The water should flow from that ditch into the ditch perpendicular to the road which is between claimant's property and the neighbor. The water will then flow into a drop inlet designed to take care of surface water. Respondent has also had the contractor return to the site to place dirt on the bank to cover the large rocks and to sow grass on the bank to alleviate the unsightly condition which claimant complained about.
The evidence as to damages to the property established that the cost to cure the drainage problems on claimant's property will be $6,425.00 based upon the lowest estimate.
Claimant was not compensated by respondent for contemplated water damages in the right-of-way agreement. Respondent's right-of-way agent, Thomas Allen Crutchfield, explained that the reference in the Statement of Just Compensation to "damage to residue" was based upon the diminution to the rest of the property for resale purposes only. An amount of $3,400.00 was included in the compensation to claimant and her husband for damage to the residue, but there was no consideration given to claimant and her husband for damages for water problems which may have occurred after construction.
The problem which confronts the Court as to the issue of the condition of the bank facing the front of claimant's property is one of inability to provide a remedy for the claimant. This Court does not have the authority to compel a State agency to act. Therefore, the Court is unable to afford the claimant a remedy for this portion of the claim.
However, the Court, having reviewed the evidence in this claim as to the issue of the excessive water drainage on claimant's property, is of the opinion that claimant has indeed experienced an increase in the amount of water being drained onto her property as a result of the construction on Route 97. The road was widened and the base of the road was altered in such a way that more than the usual amount of water is flowing from the opposite side of Route 97 through the material beneath the road and then seeping into the ground adjacent to claimant's house. The Court is of the opinion that claimant should be compensated for the cost to cure this water problem. Therefore, the Court makes an award to claimant in the amount of $6,425.00.
Award of $6,425.00.